"White, J.
1. The court erred in refusing to instruct the jury, as requested, as to the agreement set up in the second cause of action stated in the petition. The verdict was for the plaintiffs, without specifying upon which cause of *549 action it was founded. It may have been founded upon the agreement stated in the second cause of action; and if it was, the defendant was clearly prejudiced by the failure of the court to give the instruction. The defendant was entitled to have the jury instructed that it was not bound by the agreement, there being no evidence to show that the making of the agreement was authorized by the defendant.
2. The valise in question having been safely carried to its place of destination, and there received by the agent of the carrier and placed in its warehouse, the question, arising on the charge is, whether the rule laid down by the court for the guidance of the jury, prescribes a higher standard of care than the law requires. It is claimed, on behalf of the carrier, that it does; and that, if the carrier can be held liable at all, it can only be for gross negligence.
As was said in Griffith v. Zipperwick, 28 Ohio St. 388, “ the term gross negligence is scarcely susceptible of legal definition ; but there is a degree of care (indefinitely varied by the nature of the deposit and the circumstances of the case), which the depositor has a right to expect from the depositary, the want of which is so designated, and will render the depositary liable if a loss results therefrom.”
Accordingly, it was held in that case that good faith requires, generally, that a bailee, who is ouly liable for gross negligence, should keep the goods intrusted to him with as much care as he ordinarily keeps his own, of the same kind ; and that he should also keep them with such a degree of care as is reasonable, with reference to the nature of the goods, and the particular circumstances of the bailment.
In the present case the valise did not contain what was properly baggage. The contents consisted of samples of merchandise, which the agent of the plaintiffs carried with him to facilitate his business in making sales. The implied undertaking of the carrier, to insure the safe carriage of baggage, did not, therefore, extend to these goods. He was not, however, for this reason relieved of all re *550 sponsibility in regard to the safe carriage aud keeping of the property. By voluntarily takiDg it into his charge, and finally putting it in his warehouse for safe keeping, ho assumed the relation to it of an ordinary bailee.-
The court told the jury that the duty, growing out of this relation, was to take such care of the property as an ordinarily prudent man would of his own property under like circumstances.
With the general rule thus stated we find no fault; and a less degree of care ought not, in our opinion, to be allowed.
There was a motion for a new trial on the ground that the verdict was against the evidence.
This motion ought to have been granted. We have examined the evidence in the case, and are clearly satisfied it does not warrant the verdict.
The judgment will, therefore, be reversed, as well for the refusal of the court to charge as above stated, as for refusing to set aside the verdict as being against the evidence.